UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:18-cv-1321<br>) |
| DIAMOND SHOPPE JEWLERS, LLC | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Serve: Registered Agent<br>       Gary Wagner<br>       7127 Mexico Road<br>       St. Peters, MO 63376 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** Federated Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

PARTIES, JURISDICTION, AND VENUE

**1.** Plaintiff Federated Mutual Insurance Company ("Federated") is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Owatonna, Minnesota. Federated is licensed and authorized to do business as an insurance company in the State of Missouri and is authorized to execute and deliver contracts for property insurance in the State of Missouri.

**2.** Defendant Diamond Shoppe Jewelers, LLC ("Diamond Shoppe") is, and at all times material hereto was, a Limited Liability Company organized and existing under the laws of the State of Missouri with its principal place of business in St. Peters, Missouri.

**3.** Upon information and belief, all of Diamond Shoppe's members are, and at all times material hereto were, citizens of the State of Missouri.

**4.** This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interests, and attorney's fees, and there exists complete diversity of citizenship.

**5.** Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(2) because all events giving rise to this lawsuit occurred in this district.

## GENERAL ALLEGATIONS

**6.** Federated brings this action seeking the interpretation of the insurance policy described below and a declaration of the parties' rights and obligations thereunder.

**7.** An actual, justiciable controversy exists between Federated and Diamond Shoppe, and litigation as to this controversy is imminent and inevitable. Resolution of matters raised in this action will dispose of all issues between the parties under Federated's insurance policy.

**8.** All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under American Modern's insurance policy.

**9.** Federated has complied with all conditions precedent under the policy and has no other adequate remedy at law.

### INSURANCE POLICY

**10.** Federated issued a businessowners insurance policy, policy number 0095871 ("insurance policy"), to Diamond Shoppe with a policy period of December 3, 2015 to December 3, 2016. (*See* Exhibit A, a true and accurate copy of the insurance policy attached hereto and incorporated herein).

### UNDERLYING FACTS

**11.** On April 18, 2016 a theft occurred at Diamond Shoppe's business located at 7127 Mexico Rd., St. Peters, MO 63376 (the "subject property"), in which certain items of Diamond Shoppe's business property were stolen and/or damaged, and damage was caused to Diamond Shoppe's real property.

**12.** In connection with the claimed theft loss, Diamond Shoppe submitted a Sworn Statement in Proof of Loss Form ("Sworn Proof of Loss") on September 28, 2017 claiming $120,999.45 in allegedly stolen and/or damaged business property and real property. (*See* Exhibit B, a true and accurate copy of Diamond Shoppe's Sworn Proof of Loss, attached hereto and incorporated herein).

**RELEVANT POLICY PROVISIONS**

**13.** The following provisions of the insurance policy, *inter alia*, apply and bar coverage in this case:

**BUSINESSOWNERS SPECIAL PROPERTY COVERAGE FORM**

\*\*\*

**E.  PROPERTY LOSS CONDITIONS**

\*\*\*

**3.** **Duties in the Event of Loss or Damage**

    **a.** You must see that the following are done in the event of loss or damage to Covered Property:

        **(1)** Notify the police if a law may have been broken;

        **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

        **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

        **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

        **(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

        **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

> > Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> > **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
> > **(8)** Cooperate with us in the investigation or settlement of the claim.
>
> ***
>
> **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

***

**BUSINESSOWNERS COMMON POLICY CONDITIONS**

All coverages of this policy are subject to the following conditions:

***

**C. Concealment, Misrepresentation Or Fraud**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

   **1.**   This policy;
   **2.**   The Covered Property;
   **3.**   Your interest in the Covered Property; or
   **4.**   A claim under this policy.

**D.  Examination Of Your Books And Records**

5

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**JEWELRY DEALER COVERAGE FORM**

\*\*\*

**G.  OTHER CONDITIONS**

\*\*\*

**2.**   Records and Inventory

You will keep complete, accurate and reliable records of your business and retain them for three years after this coverage has expired. We may also examine and audit these records during the policy period and within three years after the coverage has expired.

These records will include:

**a.**   An itemized inventory of your Covered Property, including the quantity, description and value at your cost. This must be updated by taking a physical inventory at least every 12 months.
**b.**   Purchase invoices, sales receipts and related documents; and
**c.**   A detailed listing of property;
   **(1)**   Belonging to others not in the jewelry business;
   **(2)**   Belonging to others in the jewelry business; and
   **(3)**   Away from your "premises" for any reason.

You must keep and produce these records for us in a manner that will allow us to accurately determine and verify the existence of the property covered and the amount of the loss.

\*\*\*

(Exhibit A).

### GROUNDS FOR DECLARATORY JUDGMENT

14.   Federated incorporates paragraphs 1 through 14 as if set forth herein.

6

**15.** Based on its investigation of the facts and circumstances surrounding the claimed loss, Federated reasonably concluded that Diamond Shoppe failed to cooperate and failed to comply with its responsibilities in the claim and investigation including, but not limited to, failing to protect the property from further damage, failing to timely submit a Sworn Statement in Proof of Loss, failing to produce requested documents in support of the claim, failing to produce its representative for its Examination Under Oath and other related matters. As such, there is no coverage for Diamond Shoppe's claim under the insurance policy.

**16.** Furthermore, based on its investigation of the facts and circumstances surrounding the claimed loss, Federated reasonably concluded that Diamond Shoppe intentionally concealed and/or misrepresented material facts or circumstances, engaged in fraudulent conduct, or made false statements surrounding the claimed loss, the claim presented, and the insurance including, but not limited to, the cause of the damage, the extent of the damage, the existence, amount and value of its property loss, the ownership of claimed property, and other related matters. As such, there is no coverage for Diamond Shoppe's claim under the insurance policy.

**17.** Federated has sustained damage as a result of Diamond Shoppe's fraud, misrepresentation, and/or breach of the insurance policy conditions in that Federated has incurred substantial expenses for claim response, investigation, adjusting, and evaluating, as well as costs for court reporters, photocopies, telephone, facsimile, and postage. Moreover, Federated has

incurred substantial expenses for attorneys' fees, which continue to accrue. Federated is entitled to recoup and/or recover the amount of said expenses from Diamond Shoppe based on special circumstances and otherwise.

**PLAINTIFF FEDERATED MUTUAL INSURANCE COMPANY DEMANDS TRIAL BY JURY**

**WHEREFORE** Plaintiff Federated Mutual Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the insurance policy and to enter a judgment construing the insurance policy including the applicable coverage provisions, exclusions, and conditions thereunder in favor of Plaintiff Federated Mutual Insurance Company and against Defendant Diamond Shoppe Jewelers, LLC; (2) declare that Plaintiff Federated Mutual Insurance Company is entitled to recover the amount of expenses incurred in investigation, adjustment, and evaluation of the claim including attorney's fees; and (3) for any and all further relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Corey L. Kraushaar*
Corey L. Kraushaar, #51792
Christopher J. Seibold, #58831
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com
cseibold@bjpc.com

*ATTORNEYS FOR PLAINTIFF FEDERATED MUTUAL INSURANCE COMPANY*